T.C. Summary Opinion 2004-78

UNITED STATES TAX COURT

FARAIDOON EMANIE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 790-02S.                    Filed June 3, 2004.

Faraidoon Emanie, pro se.

<u>Amy Dyar Seals</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioner's Federal income tax of $3,759 for the 1999 taxable year.

The issues for decision are: (1) Whether petitioner is entitled to dependency exemption deductions for his son and daughter for the 1999 taxable year, and (2) whether petitioner is entitled to head-of-household filing status for the 1999 taxable year.

## Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Rockford, Illinois.

Petitioner was previously married to Charlotte Beck (Ms. Beck). They have two children: (1) Jonathan F. Emanie (Jonathan), born March 17, 1982, and (2) Jennifer S. Emanie (Jennifer), born in 1987. In 1997, petitioner and Ms. Beck entered into a "Marital Settlement Agreement" (Agreement), which provides in part:

> ARTICLE II. Custody, Visitation, and Support of the Minor Children
>
> 1. [Ms. Beck] shall have the sole physical care, custody, control, and education of the minor children of the parties, subject to [petitioner's] rights of reasonable and seasonable visitation. * * *
>
> * * * * * * *
>
> 4. [Petitioner] shall have the dependent exemptions for tax purposes so long as he fulfills his

obligations regarding child support, health insurance, and payment for uncovered medical expenses.

* * * * * * *

ARTICLE VI.  General Provisions

1.  [Petitioner] and [Ms. Beck] shall, upon demand of the other party, execute any and all instruments and documents that may be reasonably necessary to make effective the provisions of this Agreement * * *.

The Agreement was incorporated into a "Judgment for Dissolution of Marriage" by the Circuit Court of the 17th Judicial Circuit, County of Winnebago, State of Illinois. Petitioner and Ms. Beck were divorced on August 27, 1997.

During the year in issue, Jonathan resided with petitioner for about a month in January 1999, and Jennifer resided with petitioner for about a month and a half during the summer.  For the remainder of 1999, and indeed the majority of the taxable year, Jonathan and Jennifer resided with Ms. Beck.

Petitioner filed a timely Federal income tax return for the 1999 taxable year.  Petitioner filed as "head of household" and claimed a child tax credit of $350.  Petitioner also claimed dependency exemption deductions for Jonathan and Jennifer, but did not attach a written declaration or Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, executed by Ms. Beck.  Petitioner asked Ms. Beck to sign a Form 8332 for the taxable year 1999, but she refused to do so. Respondent, in a notice of deficiency dated October 16, 2001,

disallowed the head-of-household filing status, child tax credit, and dependency exemption deductions.[1]

### Discussion

As the return for 1999 was filed after July 22, 1998, section 7491(a) is applicable. Petitioner did not assert or present evidence or argument that he satisfied the requirements of section 7491(a). We conclude that resolution of the issues in the present case does not depend upon who has the burden of proof.

1. Dependency Exemption Deductions

A taxpayer may be entitled to claim as a deduction an exemption amount for each of his or her dependents. Sec. 151(c). An individual must meet the following five tests in order to qualify as a dependent of the taxpayer: (1) Support test, (2) relationship or household test, (3) citizenship or residency test, (4) gross income test, and (5) joint return test. Secs. 151 and 152. If the individual fails any of these tests, he or she does not qualify as a dependent.

As to the support test, a taxpayer generally must provide more than half of a claimed dependent's support for the calendar year in which the taxable year of the taxpayer begins. Sec. 152(a). In the case of a child of divorced parents, if the child

---

[1] Respondent determined that petitioner was entitled to a filing status of single for the 1999 taxable year.

is in the custody of one or both of his parents for more than one-half of the calendar year and receives more than half his support during that year from his parents, such child shall be treated, for purposes of section 152, as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (the custodial parent).  Sec. 152(e)(1).  A custodial parent may release claim to the exemption pursuant to the provisions of section 152(e)(2), which provides:

> SEC. 152(e). Support Test in Case of Child of Divorced Parents, Etc.--
>
>     *      *      *      *      *      *      *
>
> > (2) Exception where custodial parent releases claim to exemption for the year.--A child of parents * * * shall be treated as having received over half of his support during a calendar year from the noncustodial parent if--
> >
> > > (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and
> > >
> > > (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.
> >
> > For purposes of this subsection, the term "noncustodial parent" means the parent who is not the custodial parent.

The temporary regulations promulgated with respect to section 152(e) provide that a noncustodial parent may claim the exemption for a dependent child "only if the noncustodial parent attaches to his/her income tax return for the year of the exemption a written declaration from the custodial parent stating that he/she will not claim the child as a dependent for the taxable year beginning in such calendar year."[2]  Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984); see Miller v. Commissioner, 114 T.C. 184, 188-189 (2000), affd. on another ground sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002).  The declaration required under section 152(e)(2) must be made either on a completed Form 8332 or on a statement conforming to the substance of Form 8332.  Miller v. Commissioner, supra at 189.

Form 8332 requires a taxpayer to furnish (1) the names of the children for which exemption claims were released, (2) the years for which the claims were released, (3) the signature of the custodial parent confirming his or her consent, (4) the Social Security number of the custodial parent, (5) the date of the custodial parent's signature, and (6) the name and the Social Security number of the parent claiming the exemption.  Id. at

---

[2] Temporary regulations are entitled to the same weight as final regulations.  See Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996); Truck & Equip. Corp. v. Commissioner, 98 T.C. 141, 149 (1992).

190.

In the present case, Ms. Beck had custody of Jonathan and Jennifer for a greater portion of 1999, and she is deemed to be the custodial parent for purposes of section 152(e). Petitioner, as the noncustodial parent, is not entitled to the claimed dependency exemption deductions unless he complied with the provisions of section 152(e)(2) and the regulations thereunder by attaching to his return a written declaration or Form 8332 executed by Ms. Beck. Petitioner did not attach such a declaration or Form 8332 to his return, and accordingly he is not entitled to the dependency exemption deductions for Jonathan and Jennifer for the 1999 taxable year.

Petitioner nevertheless argues that he is current in his obligations regarding child support, health insurance, and payment for uncovered medical expenses and that, under the terms of the Agreement, he is entitled to the dependency exemption deductions. We are not unsympathetic to petitioner's position. However, we are bound by the language of the statute as it is written and the accompanying regulations, when consistent therewith. Michaels v. Commissioner, 87 T.C. 1412, 1417 (1986). The Internal Revenue Code is clear as to the precise circumstance in which a noncustodial parent becomes entitled to a dependency

exemption.  See <u>Neal v. Commissioner</u>, T.C. Memo. 1999-97.

Respondent is sustained on this issue.[3]

2.  <u>Filing Status</u>

To qualify for head of household, a taxpayer must satisfy the requirements of section 2(b).  Under section 2(b), a taxpayer shall be considered a head of household if he or she is not married at the close of the taxable year, is not a surviving spouse, and, among other choices, maintains as his or her home a household which constitutes for more than half of such taxable year the principal place of abode, as a member of such household, of a son or daughter.  Sec. 2(b)(1)(A).

In the present case, petitioner's home was not a household that constituted the principal place of abode for Jonathan and Jennifer for more than half of 1999.  Accordingly, petitioner was not a head of household within the meaning of section 2(b)(1).  We sustain respondent's determination on this issue.

---

[3] Respondent determined that petitioner was not entitled to a child tax credit of $350 for the 1999 taxable year.  We sustain respondent's determination on this issue, even though respondent did not raise this issue at the time of trial or in his pretrial memorandum.  Sec. 24(a) provides for a "credit against the tax * * * for the taxable year with respect to each qualifying child of the taxpayer".  The term "qualifying child" means any individual if three tests are satisfied, one of which is whether the taxpayer is allowed a deduction under sec. 151 with respect to such individual for the taxable year.  Sec. 24(c)(1).  Because we conclude that petitioner is not entitled to dependency exemption deductions for 1999, Jonathan and Jennifer are not qualifying children, and petitioner is not entitled to the child tax credit of $350 for 1999.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing

<u>Decision will be entered for respondent</u>.